UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LAUREL M. COTE,
   Plaintiff,

  v.              CASE NO. 3:14-cv-1644 (VAB)

UNITED OF OMAHA
LIFE INSURANCE COMPANY,
   Defendant.

## RULING ON DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

   Laurel M. Cote initiated this lawsuit in Connecticut Superior Court in October 2014.  Notice of Removal ¶2, ECF No. 1.  In her original Complaint, Ms. Cote alleges that she is a beneficiary of a life insurance policy offered by United of Omaha Life Insurance Company ("Omaha") and that Omaha failed to pay her money that was due on the policy.  Ex. A, Compl. ¶¶2-7, ECF No. 1.  She now seeks the money owed to her.  Ex. A, Compl., ECF No. 1.  The original Complaint did not contain a jury demand.  *Id.*

   On November 4, 2014, before an answer was filed in Superior Court, Omaha removed the case to this Court on the basis of diversity jurisdiction.  Notice of Removal ¶¶4-5, ECF No. 1.  The Court entered a Scheduling Order on January 13, 2015, which allowed Ms. Cote until February 2, 2015 to amend her Complaint.  Scheduling Order, ECF No. 15 (incorporating deadlines laid out in the parties' 26(f) Report, ECF No. 14).

   On February 9, 2015, Ms. Cote filed an Amended Complaint that contained a jury demand.  Am. Compl., ECF No. 18.  The Amended Complaint contained a few other changes, such as an addition addressing federal subject matter jurisdiction, but did not change the substance of the claim or the relief sought.  *See e.g.*, *id.* ¶1.  In response,

1

Omaha filed a motion for judgment on the pleadings with respect to the jury demand. Mot. for J. on Pleadings, ECF No. 20. Omaha argues that Ms. Cote's jury demand is untimely and, as a result, Ms. Cote should not be permitted to try her case to a jury. *Id.* For the reasons that follow, the motion is **DENIED** and the Court will allow the case to be tried to a jury.

## STANDARD

In deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court applies the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). Accordingly, the Court accepts as true all factual allegations in the Complaint and draws all reasonable inferences in Ms. Cote's favor. *See id.* (citation omitted).

## ANALYSIS

To be entitled to a jury trial in federal court, a party must serve and file a jury demand. *See* Fed. R. Civ. P. 38(d); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) ("[F]ailure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint."). This rule applies to actions removed from state court. Fed. R. Civ. P. 81(c)(1). Rule 38(b) requires a written jury demand to be served "no later than fourteen days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Omaha argues that the Court should grant its Motion for Judgment on the Pleadings, because Ms. Cote filed her jury demand more than fourteen days after the Answer was filed. Def.'s Br. 3-4, ECF No. 20-1.

Ms. Cote argues that her demand is timely.  Pl.'s Am. Opp. Br. 2-3, ECF No. 23.[1]  She contends that the "last pleading directed to the issue" was her reply to Omaha's Answer, which she filed on the same day as her brief opposing Omaha's Motion for Judgment on the Pleadings.  *Id.*  She contends that this reply triggered or re-set Rule 38(b)(1)'s fourteen-day window.  *Id.*   The Court disagrees.

Ms. Cote cites no legal authority in support of her position that her demand is timely.  The Court's research reveals that the "last pleading" under Rule 38 is "the pleading that contests the issue… [n]ormally… an answer, or, with respect to a counterclaim, a reply." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990) (citations omitted); *accord Mount Hawley Ins. Co. v. Van Cortlandt Vill. LLC*, No. 08 Civ. 10414(PKL)(GWG), 2010 WL 2290813, *2 (S.D.N.Y. June 1, 2010) (citations omitted).

Although an amended pleading may revive Rule 38's fourteen-day window, to do so, the amendment must raise a new issue, other than the missing jury demand.  *W. Geophysical Co. of Am. v. Bolt Assocs., Inc.*, 440 F.2d 765, 769 (2d Cir. 1971) ("[W]hen a party has waived the right to a trial with respect to the original complaint and answer by failing to make a timely demand, amendments of the pleadings that do not change the issues do not revive this right.") (citations omitted).  In evaluating whether an amended pleading raises a new issue for the purpose of Rule 38 analysis, the Court considers whether the amendment changes the "character of the suit."  *See Rosen v. Dick*, 639 F.2d 82, 94, 96 (2d Cir. 1980) (citations and internal quotation marks omitted); *Lanza*, 479 F.2d at at 1310 (finding an amended pleading did not reactive Rule 38's fourteen-day window because it "added no new issues: the same conduct and the same allegedly false

---

[1] Ms. Cote filed an initial opposition brief by the response deadline, Opp. Br., ECF No. 21, and an amended opposition brief later on the same day.  Am. Opp. Br., ECF No. 23.  Because it was timely filed, the Court considered the latter.

documents constituted the basis for any claim…and the character of the suit was in no way changed by the amendments"); *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 356 (2d Cir. 2007). In other words, to re-set Rule 38(b)'s fourteen-day window, the amendment must do more than raise new legal theories or additional factual details. *See Rosen*, 639 F.2d at 96.

Ordinarily, a reply to an answer would not re-set Rule 38's deadline, because the Federal Rules of Civil Procedure do not contemplate such a filing without a court order. *See* Fed. R. Civ. P. 7(a) (enumerating the permitted pleadings to include a complaint, answer, and, if the Court orders one, a reply to an answer). But even assuming Ms. Cote's reply could re-set the fourteen-day time period under Rule 38, her reply does not raise any new issues that change the character of the suit or the ultimate issue for decision. Accordingly, her demand for a jury trial was untimely.

In the alternative, Ms. Cote argues that her jury demand should still be permitted and moves the Court to order a jury trial under Federal Rule of Civil Procedure 39(b). Pl.'s Am. Opp. Br. 4-6, ECF No. 23.[2] Rule 39(b) permits the Court to order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P. 39(b). Ms. Cote argues that allowing a jury trial in this case is appropriate because Omaha will suffer limited prejudice and that allowing a jury trial will be more efficient. Pl.'s Am. Opp. Br. 4-7, ECF No. 23. She also contends that, generally, there is a strong policy in favor of jury trials. *Id.* at 3-4.

Where a case is initiated in federal court and no jury demand is made under Rule 38, to be entitled to a jury trial under Rule 39(b), a plaintiff must show that the delay was

---

[2] Omaha also argues that Federal Rule of Civil Procedure 81(c)(3) does not apply to this case. Def.'s Br. 4-5, ECF No. 20-1. Ms. Cote does not contest this position in her opposition, so the Court will not address it.

4

caused by more than "mere inadvertence." *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967); *Westchester Day Sch.*, 504 F.3d at 356 (citations omitted). However, where a case was initiated in state court, the Second Circuit has analyzed the following factors in determining whether a late jury demand should be permitted: (1) whether the case is traditionally of the type tried by a jury, (2) whether the parties have proceeded on the assumption that the matter would be tried to a jury, and (3) whether the defendant will be prejudiced. *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983) (describing these factors first enunciated in *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975), and applying them to a removed case).[3] In applying these factors, the Second Circuit specifically noted that greater leniency is appropriate in removed cases. *Id.* (observing that there is "some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.")

At this stage, the first factor cannot be addressed decisively. In some insurance coverage cases, where underlying questions of fact are at issue, it is best to try them to a jury. *See DeCarlo & Doll, Inc. v. Dilozir*, 45 Conn. App. 633, 638 (1997) ("'[O]rdinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact…'") (citation omitted) (first alteration in original); *see also Lum v. Discovery Capital Mgmt., LLC*, 625 F. Supp. 2d 82, 84 (D. Conn. 2009) (a complaint alleging "breach of contract" and seeking money damages raises issues that are "traditionally tried

---

[3] In *Higgins*, the Second Circuit also noted that "there are conceivably other factors" that could be relevant to the inquiry. 526 F.2d at 1007. In *Cascone*, the Second Circuit observed that the Court in *Higgins*, "noted the customary New York [state court] practice" with respect to jury demands. *Cascone*, 702 F.2d at 392. The Court has analyzed the customary Connecticut practice and does not believe that it changes the result in this case.

5

to a jury") (citation omitted).  In others, where the case involves a legal question of whether the policy applies to a set of undisputed facts, the issues could be resolved on summary judgment or may be well-suited to a bench trial.  *DeCarlo & Doll, Inc.*, 45 Conn. App. at 638-39 ("'Although ordinarily the question of contract interpretation… is a question of fact… [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law.'") (citation omitted) (all but first alteration in original).  Nevertheless, because at this stage of the case, the Court must draw all reasonable inferences in Plaintiff's favor, it will assume that this factor favors Ms. Cote.

The second and third factors also weigh in favor of Ms. Cote.  She filed her Amended Complaint with the jury demand shortly after the case's inception and well before discovery had closed.  Thus, counsel has proceeded throughout discovery with notice that a jury trial may occur.  *See e.g.*, *Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F. Supp. 101, 103 (S.D.N.Y. 1996) (finding that the second *Higgins* factor weighed in plaintiff's favor where a jury demand was filed "at an early stage," and there was "no indication that either party concluded that the trial would proceed as a bench or jury trial, or made any decisions based on that assumption."). Omaha will also suffer limited prejudice, given the timing of the amendment.  *See Exact Identification Corp. v. Felman Sherb & Co. P.C.*, Nos. 06 Civ. 00972(LBS)(MHD), 06 Civ. 02903(LBS)(MHD), 2007 WL 3285487, at *4 (S.D.N.Y. Nov. 5, 2007) ("'To defeat the exercise of discretion to grant an untimely jury demand, prejudice must arise from the untimeliness of the demand, not simply from the possibility of a jury trial.'") (quoting *Corinthian Media, Inc. v. Putnam*, 845 F. Supp. 143, 146 (S.D.N.Y. 1994)).

Weighing these various factors, the Court decides that it will exercise its discretion and grant Ms. Cote's request to order that this case be tried to a jury, if a trial is required. *See Cascone*, 702 F.2d at 393 (allowing a jury trial under Rule 39(b) where all three *Higgins* factors were met); *Rupolo*, 749 F. Supp. 2d at 49 (allowing plaintiff's late filed jury demand where two of the three *Higgins* factors weighed in the plaintiff's favor); *see also e.g. Hoag v. Cellco P'ship*, Civil Action No. 3:05cv1185, 2007 WL 549738, at *2 (D. Conn. Feb. 16, 2007) (granting a motion under Rule 39(b) because counsel was unfamiliar with federal court procedure, the merits of the case were typically tried before a jury, and there was minimal prejudice to the defendant because a trial date had not yet been set).

## **CONCLUSION**

For the reasons set forth above, Omaha's Motion for Judgment on the Pleadings, ECF No. 20, is **DENIED**. The Court will allow Ms. Cote's untimely jury demand under Federal Rule of Civil Procedure 39(b) and orders that the case be tried to a jury, if a trial is required.

SO ORDERED at Bridgeport, Connecticut this 7th day of March 2016.

      /s/ Victor A. Bolden
     VICTOR A. BOLDEN
     UNITED STATES DISTRICT JUDGE